EMMETT O'NEIL, AS EXECUTOR, ETC., OF JAMES E. O'NEIL, APPELLANT, *v.* WILLIAM W. BENDER, RESPONDENT.*

*Summons — contents of order directing its service upon a non-resident — Code of Civil Procedure, sec. 440.*

Under section 440 of the Code of Civil Procedure, providing for the service of a summons upon a non-resident, it is sufficient if the order directs the service to be made by publication and by depositing the proper papers in the post-office. It is not necessary that it should also provide that the service may, at the option of the plaintiff, be made on the defendant personally without the State.

*Ritten* v. *Griffith* (16 Hun, 454) criticised and distinguished; *Weil* v. *Martin* (24 Hun, 645), approved.

APPEAL from an order made at a Special Term setting aside a judgment entered in the clerk's office of Schenectady county, on the 1st day of March, 1880, in favor of the plaintiff, on the ground

---

* Decided September Term, 1881.

that the order of publication of the summons herein was void, for the reason that it did not contain a direction for a personal service of the summons out of the State in addition to that for publication.

The order provided " that the summons herein be served on the said defendant by publishing the same in two newspapers printed and published in the city of Schenectady once a week, for six successive weeks, to wit, the Schenectady Evening Star and the Schenectady Daily Union, and that on or before the day of the first publication of said summons, as aforesaid, the plaintiff deposit in the post-office at Schenectady a copy of said summons, complaint, and of this order, inclosed in a sealed post-paid envelope and directed to said defendant at Aurelius, in said State of Michigan."

*D. C. Beattie*, for the appellant.

*Hungerford & Hotaling*, for the respondent.

BOOKES, J. :

The order for the service of the summons (the defendant being a non-resident of the State) directed service thereof by publication and deposit in the post-office; but the alternative, to wit, " or, at the option of the plaintiff, by personal service of the summons and of a copy of the complaint and order, upon the defendant personally, without the State," was omitted. (Code of Civil Pro., § 440.) Because of this omission the order was, by the Special Term, held to be defective, and for that reason the judgment against the defendant entered by default was set aside. The ruling at Special Term was put on the authority of *Ritten* v. *Griffith* (16 Hun, 454), a case decided in the General Term in the Fourth Department. It was there said that the order was a nullity, " because it did not direct, in the alternative, both a publication and personal service out of the State, at the option of the plaintiff;" but such holding was not essential or necessary to the decision in that case. There the order did not contain any direction for publication, as the Code required it should, and for this reason alone, as was subsequently decided in *Weil* v. *Martin* (hereafter cited), the order was defective and a nullity. What was said, therefore, in *Ritten* v. *Griffith*, as to the alternative clause, was entirely *obiter*. In the case in hand, the order directed the publication of the summons and its deposit in

the post-office, with a copy of the complaint and order in due form. This point of difference between the case in 16 Hun and the one before us was noticed and commented on in *Weil* v. *Martin*, decided at General Term in the First Department. (24 Hun, 645.) I can do no better than to quote from the opinion of Mr. Justice DANIELS, concurred in by DAVIS, P. J., and BRADY, J., in that case. The learned judge says as follows: "The order made, which directed the publication of the summons, did not declare that the summons and complaint might, at the option of the plaintiff, be served personally upon the defendants outside of the limits of the State, and on that account it has been objected to as insufficient. But as no service of that nature was made upon either of these defendants, there does not appear to be any substantial support for this objection. The case of *Ritten* v. *Griffith* (16 Hun, 454) is not an authority sustaining the propriety of the position which has been taken, for there the order contained no direction for any publication whatever, while the provision made by the Code is peremptory that such direction must be given to warrant a substituted service of this nature of the summons and complaint. To that extent the order is required to go in all cases, in order to conform to the unqualified enactment contained in the Code upon this subject. (Code of Civil Procedure, § 440.) It is only when the plaintiff may desire to avail himself of the privilege created of serving papers personally out of the State, that the order is required to provide for the exercise of that right. It is an alternative which he may or may not desire to secure, and when it is not expected that the papers will be served personally beyond the limits of the State, no propriety exists for the insertion of the optional right to make such service in the order of publication. For the purpose of authorizing the service, which was made, the order was entirely complete, and the objection taken to it was rightfully overruled." In this conclusion we are inclined to concur.

The present provisions of the Code of Civil Procedure differ somewhat from the former in the language employed; and it is supposed that the practice is thereby changed in some respects. (*Ritten* v. *Griffith, Weil* v. *Martin*.) According to those decisions the order should now contain the alternative provision for personal service without the State, in case that mode of service was intended to be made; but perhaps it may yet be held, when the point comes squarely

before the court, that a party may now have separate orders to meet the alternative mode of service which he may choose to adopt. It is not here intended to decide that this may be done, as such decision would seem in conflict with *Ritten* v. *Griffith,* and with some expressions of the court in *Weil* v. *Martin.* But on reading sections 438, 443 and 1541 in connection with section 440, it does not seem entirely clear that separate orders may not be had. These sections bear on the subject under examination, and were, as it appears, overlooked in the cases cited. Let these four sections be read together, as they should be in order to their fair and just construction, and it may be urged with great propriety, that a separate order may be made, directing personal service without the State. But it is not necessary here to determine the question whether separate orders, one for publication and deposit in the post-office, another providing for personal service without the State, are or are not now authorized by the Code of Civil Procedure. It is sufficient here to hold (following the decision in *Weil* v. *Martin*) that, for the purpose of upholding the service which was made in this case, the order objected to was well authorized and complete. Whatever was said in *Ritten* v. *Griffith* adverse to this conclusion was overruled by the decision in *Weil* v. *Martin.*

The point above considered was the only one on which the decision at Special Term was based; but it is now urged that the motion to set aside the judgment was well and properly granted, also, on other grounds of irregularity. It must be noted that the defendant does not, by his motion, ask to be allowed to defend the action on the merits. He makes no affidavit of merits, and he appears only for the purposes of the motion, not generally in the action. He bases his motion purely and entirely on technicalities. In such case he may be met, and his motion may be answered by technical objections to it. He was then bound to specify, in his notice of motion, the irregularities complained of. Now, the first ground specified in the notice is that there was no proof that the summons and complaint were served on the defendant; and the second ground specified is that the proof did not show that the summons, complaint and order for publication were served as directed in the order of publication. These specifications pointed only to the form of the order and its mode of service, and we are of the opinion

that both of these grounds of irregularity were untenable, as the case was made at Special Term. There was a third ground stated in the notice, to wit, that the order for publication was "irregular and void, not being in accordance with the requirements of the Code of Civil Procedure, or the statute in such case made and provided." This specification is quite too general to meet the requirements of the rule. Why irregular and void, or in what respect not in accordance with the requirements of the Code or of the statute, is not, as it should have been, specifically pointed out. Besides, according to the decision in *Weil* v. *Martin*, in which we concur, the order was in due form to authorize service by publication and deposit in the post-office. It is also suggested that causes of action are improperly united in the complaint. But this ground of error is not alluded to in the notice of motion, and, besides, it would be more appropriately a subject of consideration on an application to be allowed to defend the action on the merits. This application is not of that character.

The order appealed from must be reversed, with ten dollars costs of appeal and disbursements, and the motion to set aside the judgment should be denied, with ten dollars costs.

BOARDMAN, J., concurred; LEARNED, P. J., taking no part.

Order reversed, with ten dollars costs and printing disbursements.